UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. CARTER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-01155-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION AND REQUEST FOR JUDICIAL NOTICE<br><br>[ECF Nos. 10, 13] |

　　　　Plaintiff Kirell Taylor is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) (1), Plaintiff has consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

　　　　Plaintiff filed the instant complaint on July 25, 2013. The complaint is awaiting screening pursuant to 28 U.S.C. § 1915A(a).

　　　　On September 9, 2013, Plaintiff filed a "emergency life or death restraining injunction and interlocutory order."

　　　　On October 21, 2013, Plaintiff filed a notice and request for judicial notice.

///

///

///

///

1

# I.

# DISCUSSION

### A.     Preliminary Injunction

Plaintiff contends that safety issues exist regarding his classification as double cell status due to an incident which took place on September 7, 2008, during visitation time. Plaintiff requests a court order requiring the prison to reinstate his single cell status to prevent future alleged harm.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceutricals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20.)

For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 129 S.Ct. at 493; Mayfield, 599 F.3d at 969.

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

///

Plaintiff's motion must be denied.  Plaintiff's complaint has not yet been screened and the Court cannot discern whether there is a case or controversy, nor does the court have jurisdiction over any of the defendants in this action.  None of the defendants have been served or appeared in this action, and "a federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Plaintiff is advised that the Court presently has a large number of cases awaiting preliminary screening.  This case is among many waiting to be screened.  Case management at this Court proceeds by the order cases are received.  Due to the caseload of the Court, and the Court's diligent handling of each individual case, rulings and decisions often take time.  Petitioner's case will be screened in due course and appropriate orders will issue.  Thus, Plaintiff's motion for preliminary injunction shall be denied without prejudice.

### B.     Request for Judicial Notice

Plaintiff seeks judicial notice pursuant to Rule 201 of the Federal Rules of Civil Procedure of his inmate appeal CDC-602 regarding his double cell status.  To his motion, Plaintiff attaches a copy of the first level response to his inmate grievance number KVSP-O-13-02442.

Pursuant to Rule 201 of the Federal Rules of Civil Procedure, the Court may take judicial notice of the existence of court records.  <u>See</u> <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

Plaintiff does not provide any basis or than attachment of the first level grievance response to the motion to support a finding of judicial notice, dated October 7, 2013.  <u>Asdar Group v. Pillsbury, Madison & Sutro</u>, 99 F.3d 289, 290 N. 1 (9th Cir. 1996) (court may take judicial notice of the pleadings and court orders in earlier related proceeding).  Accordingly, at this juncture, there is no basis to take judicial notice of the first level response, and Plaintiff's motion shall be denied without prejudice.

In addition, the fact that the alleged incident giving rise to Plaintiff's safety concerns took place in 2008-five years prior to the instant filing in 2013, belies Plaintiff's claim that his request for

injunctive relief is needed on an "emergency" basis.  Thus, this basis alone is sufficient to deny Plaintiff's request for a preliminary injunction

## II.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for preliminary injunction is DENIED without prejudice; and
2. Plaintiff's motion for judicial notice is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 23, 2013**                    _____
                                                  UNITED STATES MAGISTRATE JUDGE