**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIRELL TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. CARTER, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-01155-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 7] |

Plaintiff Kirell Taylor is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 12, 2012. Local Rule 302.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On September 7, 2008, Plaintiff was involved in a physical altercation with a visitor at Kern Valley State Prison. As a result, Plaintiff was placed in administrative segregation and imposed an 18-month Security Housing Unit (SHU) term.

On September 9, 2008 and September 10, 2008, correctional officer M.R. Phillips received telephone calls from Lori Williams (the female with whom Plaintiff engaged in a physical altercation), who stated that she had received phone calls from numerous inmates threatening to kill Plaintiff for his actions in assaulting her during visitation.

Plaintiff has been placed on single cell status since the notification by Lori Williams. Plaintiff was assessed an 18-month term in the SHU. During his confinement in the SHU, Plaintiff has been called numerous derogatory names.

Plaintiff was subsequently transferred to an enhanced outpatient program at California State Prison, Los Angeles County (CSP-LAC) and housed in administrative segregation.

In August 2009, at CSP-LAC, Plaintiff appeared before a classification committee conducted by mental health doctors and psychologist, J. Garofalo.  Garofalo was peeved at the fact that the California Department of Corrections and Rehabilitation (CDCR) had re-stated Plaintiff's visitation rights with Lori Williams.

Doctor Garofalo made false statements against Plaintiff indicating that he "threatened to kill her while [he] remained subjected to daily confinement and isolation behind a cell door."

## III.
## DISCUSSION

### A.    Due Process Violations

<u>Defendant Doctor J. Garofalo</u>

Plaintiff contends that on September 8, 2009, Doctor J. Garofalo issued a "false" serious rules violation report against him for "threatening to kill a non-prisoner."  Plaintiff pled not guilty.  Plaintiff was found guilty and a 9-month SHU term was imposed.   Plaintiff appealed the guilty finding and the finding was affirmed.

Plaintiff further contends that on February 25, 2010, Doctor J. Garofalo issued  a serious rules violation report for "threatening to kill a non-prisoner."  Plaintiff pled not guilty and argued that he did not have the present ability to carry out the alleged threat as he was locked in administrative segregation.  Plaintiff filed an inmate appeal to the highest level which was denied.

Plaintiff contends he has been punished by three consecutive 9-month terms for rules violation reports that reflect he never had the "present ability" to carry out any of the alleged threats.

<u>Defendant D. Carter</u>

On August 16, 2011, Defendant D. Carter reviewed all of Plaintiff's case factors and elected to retain Plaintiff in the SHU pending a maximum eligible release date of May 15, 2012.  Plaintiff contends his retention in the SHU is unlawful because he the person who faces the threat of imminent danger of physical injury, and he does not pose a threat to any inmate or personnel.

Plaintiff contends that D. Carter "should" cause the three rules violation reports to be "modified" because they are not classified correctly.  D. Carter informed Plaintiff that although his

1  SHU terms have been completed in full, Plaintiff will not be released from the SHU because he has
2  incurred three or more SHU terms in a five-year period.
3      Plaintiff contends that he could not have been found guilty of a serious rules violation for
4  threat to a non-prisoner because "an inmate may shout to kill staff all day and night so long as he is
5  locked away in the SHU or ad/seg."
6      The Due Process Clause protects Plaintiff against the deprivation of liberty without the
7  procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221,
8  125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson,
9  545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. Id.
10 The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse
11 conditions of confinement, and under state law, the existence of a liberty interest created by prison
12 regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at
13 221-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks
14 omitted). Liberty interests created by prison regulations are generally limited to freedom from
15 restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary
16 incidents of prison life. Id. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron
17 v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).
18     Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of
19 rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556,
20 94 S.Ct. 2963 (1974). With respect to prison disciplinary proceedings, the minimum procedural
21 requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the
22 time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare
23 his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for
24 taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting
25 him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal
26 assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.
27 Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been
28

satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, the hearing officer's decision must be supported by "some evidence," Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985), having an indicia of reliability, Bruce v. Ylst, 351 F.3d 1283, 1287-88 (9th Cir. 2003); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).  The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached. . . ."  Hill, 472 U.S. at 455-56 (emphasis added).

Plaintiff fails to state a cognizable claim against Defendants Carter and Garofalo.  Here, the fact that Plaintiff disagrees with the finding only that he did have the present ability to carry out the threat indicates there was some minimal evidence supporting his placement in administrative segregation, and Plaintiff's disagreement with the finding of guilt, is not sufficient to state a cognizable claim under section 1983 for violation of his right to due process.  Superintendent v. Hill, 472 U.S. 445, 455 (1985).

Moreover, Plaintiff alleges only the pure fact of segregation and its duration, not the conditions of segregation.  Plaintiff has not alleged any facts supporting the existence of a liberty interest in remaining free from administrative segregation, which precludes him from bringing a due process claim.  Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484.  Furthermore, Plaintiff has not shown that he was denied the minimal protections he was due under federal law.  Wolff v. McDonnell, 418 U.S. at 563-571.  The Court therefore dismisses the complaint, with leave to amend.  In order to invoke Wolff-type due process protections, Plaintiff must allege facts indicating that the conditions he experienced in disciplinary segregation were atypically harsh with respect to conditions in the general population, and that he was not provided will all of the process he was entitled under federal law. That Defendants may have failed to comply with state regulations is not grounds for relief under section 1983 for deprivation of due process.  As previously stated, Plaintiff is entitled to very limited due process protections under federal law with respect to placement in administrative segregation. Toussaint, 801 F.2d at 1100-1101.  Accordingly, Plaintiff fails to state a cognizable claim.

///

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 19, 2012, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

///

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **March 10, 2014**

UNITED STATES MAGISTRATE JUDGE