UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL TAYLOR,<br><br>        Plaintiff,<br><br>   v.<br><br>D. CARTER, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-01155-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND RELIEF FROM JUDGMENT<br><br>[ECF No. 19] |

On May 21, 2014, Plaintiff filed a motion to for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure.

On May 5, 2014 the undersigned revoked Plaintiff's in forma pauperis status initially granted on August 23, 2013, based on the fact that Plaintiff suffered three or more strikes under 28 U.S.C. § 1915(g), at the time this action was filed, and the complaint filed pursuant to 42 U.S.C. § 1983, was dismissed to re-filing by Plaintiff with the accompanying filing fee.[1]  (ECF No. 17.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there

---

[1] Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 23, 2013.  Local Rule 302.

is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation …" of that which was already considered by the Court in rendering its decision." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff does not dispute that he has three "strikes" but contends he qualifies for the imminent danger exception under § 1915(g). The three strikes provision precludes Plaintiff from proceeding in forma pauperis unless he was, at the time of filing the complaint, under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In Plaintiff's complaint, he alleges the use of excessive force, retaliation, and due process allegations arising from his placement and retention in administrative segregation following the issuance of three rules violations.[2] Based on Plaintiff's allegations, the Court found that Plaintiff failed to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).

In Plaintiff's motion for reconsideration, he contends that he is a "Negro with a damaged left lung due to a gunshot wound in 1997 and [is] being 'housed amid a lethal fungal infection known as Valley Fever [and] inhaling spores in the soil which is an environmental hazard." (Pl's Mot. Recons. at 1.) Plaintiff's vague and conclusory allegation in his complaint that he is imminent danger of Valley Fever, which was not the basis of the allegations in the complaint, does not satisfy the "imminent danger" exception to § 1915(g). Even a liberal reading of the single sentence at the conclusion of the complaint cannot transform the true nature of the allegations throughout the entire complaint relating to xxx, and not the potential contraction of Valley Fever, and the Court finds the inclusion of this vague allegations is a transparent attempt to avoid paying the filing fee after suffering three strikes under § 1915(g). See, e.g., Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)

---

[2] Although Plaintiff indicates he was placed on single cell status for safety purposes following a physical altercation with a former visitor which promoted other inmates to threaten Plaintiff's safety, such actions do not form the basis of the claims presented in the complaint.

1  ("Frequent filers sometimes allege that they are in imminent danger so they can avoid paying a filing
2  fee.").
3      Based on the foregoing,
4      IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

6  IT IS SO ORDERED.

7  Dated:   **September 3, 2014**

8                                  UNITED STATES MAGISTRATE JUDGE