1

2

3

4

5

6

7

8                             **UNITED STATES DISTRICT COURT**

9                             **EASTERN DISTRICT OF CALIFORNIA**

10

11   KIRELL TAYLOR,                              ) Case No.: 1:13-cv-01155-SAB (PC)
                                                 )
12                  Plaintiff,                   )
                                                 ) ORDER DENYING PLAINTIFF'S SECOND
13          v.                                   ) MOTION FOR RECONSIDERATION OF
                                                 ) REVOCATION OF IN FORMA PAUPERIS
14   D. CARTER, et al.,                          ) STATUS
                                                 )
15                  Defendants.                  ) [ECF No. 21]
                                                 )
16   _____        )

17          Plaintiff Kirell Taylor is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19          On September 19, 2014, Plaintiff filed a second motion for reconsideration of the Court's May

20   5, 2014, order revoking his in forma pauperis status and dismissing the case.

21          On May 5, 2014 the undersigned revoked Plaintiff's in forma pauperis status initially granted

22   on August 23, 2013, based on the fact that Plaintiff suffered three or more strikes under 28 U.S.C. §

23   1915(g), at the time this action was filed, and the complaint filed pursuant to 42 U.S.C. § 1983, was

24   dismissed to re-filing by Plaintiff with the accompanying filing fee.[1]  (ECF No. 17.)

25

26

27   _____
     [1] Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September
28   23, 2013.  Local Rule 302.

                                                        1

1    Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district

2    court.  "A motion for reconsideration should not be granted, absent highly unusual circumstances,

3    unless the district court is presented with newly discovered evidence, committed clear error, or if there

4    is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH

5    & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted), and "[a]

6    party seeking reconsideration must show more than a disagreement with the Court's decision, and

7    recapitulation …" of that which was already considered by the Court in rendering its decision."  U.S.

8    v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

9    Plaintiff does not dispute that he has three "strikes" but contends he qualifies for the imminent

10   danger exception under § 1915(g).  The three strikes provision precludes Plaintiff from proceeding in

11   forma pauperis unless he was, at the time of filing the complaint, under imminent danger of serious

12   physical injury.  28 U.S.C. § 1915(g).  In Plaintiff's complaint, he alleges the use of excessive force,

13   retaliation, and due process allegations arising from his placement and retention in administrative

14   segregation following the issuance of three rules violations.[2]  Based on Plaintiff's allegations, the

15   Court found that Plaintiff failed to make a  "plausible allegation" that he faced imminent danger of

16   serious physical injury at the time he filed the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1055

17   (9th Cir. 2007).

18   In Plaintiff's motion for reconsideration, Plaintiff merely disagrees with the Court's analysis

19   and decision as to whether he alleged sufficient "imminent danger," an exception to the three strikes

20   provision under 28 U.S.C. § 1915(g).  As stated in the Court's May 5, 2014, order, and the denial of

21   Plaintiff's previous motion for reconsideration, Plaintiff's complaint does not set forth any plausible

22   allegations that he faced imminent danger of serious physical injury.  (ECF No. 17, Order at 2; ECF

23   No. 20, Order at 2.)  Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is

24   reserved for extraordinary circumstances.  United States v. Westlands Water Dist., 134 F.Supp.2d

25   1111, 1131 (E.D. Cal. 2001); see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir.

26

27   _____

     [2] Although Plaintiff indicates he was placed on single cell status for safety purposes following a physical altercation with a
28   former visitor which promoted other inmates to threaten Plaintiff's safety, such actions do not form the basis of the claims
     presented in the complaint.

2

1  1989) (Fed. R. Civ. P. 60(b)(6) may provide relief where parties were confronted with extraordinary

2  circumstances but it does not provide a second change for parties who made deliberate choices.)

3  Plaintiff's disagreement with the Court's decision is not grounds for reconsideration.

4        Based on the foregoing,

5        IT IS HEREBY ORDERED that Plaintiff's second motion for reconsideration is DENIED.

6

7  IT IS SO ORDERED.

8  Dated:    **September 23, 2014**

9                                      UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28